JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWHARAH HAMEED-BOLDEN and ALI CONRAD O'BRIEN, On Behalf of Themselves and All Others Similarly Situated, | Case No. CV 18-3019-GW-JPRx |
| Plaintiffs, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |
| FOREVER 21 RETAIL, INC., and FOREVER 21, INC., | |
| Defendants. | |

Plaintiffs Jowharah Hameed-Bolden and Ali Conrad O'Brien ("Representative Plaintiffs") and Defendants Forever 21 Retail, Inc., and Forever 21, Inc. ("Defendants" or "Forever 21") have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement")[1]. Under the Settlement, Settlement Class Members are eligible to receive reimbursement of up to $250 as reimbursement for their out-of-pocket expenses (including time spent at a rate of $25 per hour), and up to $10,000 for certain extraordinary expenses. In exchange for these considerations, Plaintiffs and the Settlement Class will fully, finally, and forever resolve, discharge, and release their claims against Forever 21 related to the Security Incident, which resulted in unauthorized access to customer payment card data and in some instances cardholder name, without admission of liability by Forever 21.

Plaintiffs now move for final approval of the class action settlement, an award of attorneys' fees and costs to their attorneys, and class representative "service awards," in the total amount – out of a total potential amount of approximately $5.8 million – of $615,955.00 (including $500,000 in attorneys' fees).

WHEREAS, the above-captioned matter is a settlement class action pending before the Court; and

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Representative Plaintiffs and the Settlement Class Members on the one hand, and Defendants on the other hand, and has considered the terms of the proposed settlement set forth therein (the "Settlement"); and

WHEREAS, all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, on October 21, 2021, the Court entered its order granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. No. 113), as set forth in the Settlement Agreement, approving the form and method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be

---

[1] Unless otherwise noted, all capitalized terms are defined in the Settlement Agreement.

finally approved by the Court pursuant to Federal Rule of Civil Procedure 23 as fair, adequate, and reasonable (the "Preliminary Approval Order"); and

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing; and

WHEREAS, the Parties and the Settlement Administrator have advised and confirmed to the Court that such notice has been given; and

WHEREAS, no objections to the Settlement were filed prior to the Objection Deadline, which was the last day for any objections to be considered timely; and

WHEREAS, no Settlement Class Members excluded themselves from the Settlement prior to the Exclusion Deadline, which was the last day for any exclusions to be considered timely;

WHEREAS, the Court having conducted a Final Fairness Hearing on October 6, 2022 (the "Final Fairness Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.    The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act. *See* FAC ¶ 23. The Court also has personal jurisdiction over Defendants by virtue of their business practices in California, and at the very least by virtue of their failure to contest such jurisdiction in this action. *See id.* ¶ 24.

3.    Venue is proper in this District.

4.    In accordance with Federal Rule of Civil Procedure 23, and the requirements of due process, all Settlement Class Members have been given proper and adequate notice of the Settlement.  The notice process the Court ordered and the parties followed herein

involved various forms of publication notice – a nationwide consumer publication, internet banner advertising, social media, sponsored search listings, and an informational release – and creation of a settlement website. Based upon the evidence submitted by the Parties to the Settlement Agreement, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

5. At the preliminary approval stage, the Court provisionally-certified a class, for settlement purposes only, consisting of "[a]ll persons residing in the United States who used a payment card to make a purchase at an affected Forever 21 point-of-sale device during the Security Incident, or whose payment card information was inadvertently stored in Forever 21's central database and determined to be at risk." Docket No. 113, at 3:26-4:5. As there is no indication that anything has changed in terms of the requirements for a settlement-related certification, the Court now makes final the certification (for settlement purposes) of that class for the reasons addressed in connection with the preliminary approval proceedings and by Judge Otero in his August 12, 2019 order. *See* Docket No. 106, at pg. 3 of 12; Docket No. 70, at pgs. 4-10.

6. The Settlement Agreement in this action warrants final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, thorough discovery and motion practice, and extensive good-faith

arm's length negotiations between the parties, and is it is fair, adequate, and reasonable to those it affects, having considered at least the following factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

7.    The Court finds that a presumption of fairness operates with respect to this Settlement because (1) the negotiations occurred at arm's length; (2) there was sufficient discovery undertaken; (3) the proponents of the Settlement are experienced in similar litigation; and (4) there were no objections to the Settlement. In any event, even if no presumption was in effect, this would not preclude the Court's determination that the Settlement, in fact, meets the requisite class action fairness standard.

8.    Based on the forgoing, the Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9.    Pursuant to the Settlement Agreement, Defendants, the Claims Administrator, and Class Counsel shall implement the Settlement in the manner and time frame as set forth therein.

10.    Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

11.    In consideration of the benefits provided under the Settlement Agreement, and for other good and valuable consideration, each of the Settlement Class Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all Released Parties in accordance with the Settlement Agreement. Settlement Class Members are permanently barred from

prosecuting any of the Released Claims against any Released Party.

12.     Plaintiffs' counsel moves for approval of their request for $500,000 in attorneys' fees and costs. Because the available pot of money for the class in the Settlement was considerable, especially in light of Defendants' bankruptcy filing, and because Plaintiffs' counsel were able to negotiate this opportunity for the class, combined with the absence of objections, the Court concludes that the lodestar multiplier Plaintiffs' counsel seeks here is well-justified. As a result, the Court awards the full $500,000 requested.

13.     Plaintiffs' counsel also moves for class representative service awards of $2,500 to each of the two Plaintiffs. The Court finds that Plaintiffs took on their role in this action with an understanding of their duties, and the burden that would be imposed. They cooperated fully with counsel and did everything asked of them in the course of this litigation, including maintaining regular contact with counsel to keep apprised of the progress of the litigation. Taking into consideration the foregoing, the Court grants both Plaintiffs service awards as well-deserved in the full $2,500 amounts requested.

14.     This Order resolves all claims against all parties in this action and is a final order.

15.     The matter is hereby dismissed with prejudice except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement, without affecting the finality of this Final Approval Order and Judgment.


**IT IS SO ORDERED.**


Dated: October 11, 2022

_____

The Honorable George H. Wu
United States District Judge